UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LASHAWN BRADFORD,

Plaintiff,

v.

ADRIAN DAVIS, et al.,

Defendants.

Case No. 25-cv-2446-HLT-TJJ

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff filed his complaint against Adrian Davis, Kansas State Court Judges Johnson and Lampson on August 7, 2025 for alleged violations of his constitutional rights under the Fourteenth Amendment.[1] This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 3).[2] Plaintiff requests the Court to appoint a lawyer to represent him in this case.

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[3] Though Plaintiff has paid the filing fee in this matter, courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[4] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[5] In determining whether

1 Compl. (ECF No. 1) and exhibits.

2 Plaintiff filed the same motion in Case 25-4062-HLT-TJJ.

3 *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

4 *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

5 *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to

to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[6] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his own.[7] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[8] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's Motion for Appointment of Counsel under the above factors. Plaintiff has shown he has made diligent efforts to obtain counsel by listing the names of six attorneys he contacted. However, the Court finds the other factors for the appointment of counsel weigh against appointing counsel at this time. A review of Plaintiff's filings to date show

---

request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[6] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[7] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[8] *See Castner*, 979 F.2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

he appears capable of adequately representing himself at this early stage of the proceedings. The factual and legal issues do not appear overly complex. Plaintiff claims "[t]his is a serious situation that a [sic] attorney available would help resolve this case . . . ."[9] This, by itself, however, is not a basis for the Court to appoint an attorney. "While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish [] Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day."[10]

While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[11] The Court therefore denies Plaintiff's motion, but without prejudice to the refiling of the motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is **denied without prejudice.**

A copy of this Order shall be mailed to Plaintiff.

IT IS SO ORDERED.

Dated August 11, 2025, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

[9] Pl.'s Mot. for Appointment of Counsel, ECF No. 3, p. 2.

[10] *Moore v. City of Topeka, Kan.*, No. 25-1150-DDC-BGS, 2025 WL 2062005, at *2 (D. Kan. July 23, 2025).

[11] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).